James S. PATTERSON, Plaintiff–
Appellant,

v.

Douglas MCCARRON, as Trustee of the
New York City District Council of
Carpenters Welfare Fund, Douglas
Banes, as Trustee of the New York
City District Council of Carpenters
Welfare Fund, Andris Silins, as Trus-
tee of the New York City District
Council of Carpenters Welfare Fund,
Tommy Ray Dunford, as Trustee of
the New York City District Council of
Carpenters Welfare Fund, Dennis
Shiel, as Trustee of the New York City
District Council of Carpenters Wel-
fare Fund, Arthur Johansen, as Trus-
tee of the New York City District
Council of Carpenters Welfare Fund,
David Meberg, as Trustee of the New
York City District Council of Carpen-
ters Welfare Fund, Richard B. Har-
ding Jr., as Trustee of the New York
City District Council of Carpenters
Welfare Fund, Paul J. O'Brien, as
Trustee of the New York City District
Council of Carpenters Welfare Fund,
George Greco, as Trustee of the New
York City District Council of Carpen-
ters Welfare Fund, Stuart Mazzucca,
as Trustee of the New York City Dis-
trict Council of Carpenters Welfare
Fund, Stuart Grabois, as Executive
Director of Administration, of the

New York City District Council of
Carpenters Welfare Fund, The New
York City District Council of Carpen-
ters Welfare Fund, The New York
City District Council of Carpenters
Pension Fund, The New York City
District Council of Carpenters Annui-
ty Fund, The New York City District
Council of Carpenters Vacation Fund,
The New York City District Council
of Carpenters Scholarship Fund, Mi-
chael Mazzucca, Defendants–Appel-
lees.

No. 04–2002.

United States Court of Appeals,
Second Circuit.

Nov. 23, 2004.

James Patterson, New York, NY, for Appellant, pro se.

Ronald E. Richman, Shulte, Roth & Zabel, LLP, (Holly H. Weiss, on the brief; Rebecca M. Brandman), New York, NY, for Appellees, of counsel.

Present: FEINBERG, LEVAL, and STRAUB, Circuit Judges.

## SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby **AFFIRMED.**

James Patterson, *pro se*, appeals from a judgment of the United States District Court for the Southern District of New York (Richard Conway Casey, *Judge*), entered after a bench trial, dismissing Patterson's claim that he was discharged in retaliation for his participation in a protected activity in violation of § 510 of the Employee Retirement Income Security Act of 1974 ("ERISA"). Familiarity is assumed as to the facts, procedural context, and the specification of appellate issues.

Patterson argues on appeal that the District Court improperly granted defendants' motion to exclude evidence, improperly curtailed the testimony of one of Patterson's witnesses, and displayed "prejudicial thinking." Upon review of the record and applicable law, we affirm the judgment.

Evidentiary rulings in civil cases generally do not warrant reversal on appeal unless the judgment is "inconsistent with substantial justice." Fed.R.Civ.P. 61; *see Perry v. Ethan Allen, Inc.,* 115 F.3d 143, 150 (2d Cir.1997). We see no reason to vacate the judgment by reason of the District Court's exclusion of Patterson's evidence on the basis that is was either not relevant or was not proper impeachment material. *See Barrett v. Orange County Human Rights Comm'n,* 194 F.3d 341, 347 (2d Cir.1999) (a court is "not required to allow the trial to be diverted into an inquiry into an entirely different incident involving to a significant extent different people, places and events").

■ Nor did the court exceed its allowable discretion in declining to permit Patterson's co-worker from testifying about the circumstances surrounding her discharge because such testimony was not relevant to the circumstances surrounding Patterson's discharge. *See Haskell v. Kaman Corp.,* 743 F.2d 113, 120 (2d Cir.1984) (in an employment discrimination action,

the district court erred by admitting evidence about alleged discrimination toward other individuals because such evidence was not relevant to plaintiff's claim of discrimination).

 Patterson's argument that the District Court evinced "prejudicial thinking" is likewise without merit. It was not clearly erroneous for the District Court to credit the testimony of defendants' witnesses over Patterson's testimony. *Donato v. Plainview–Old Bethpage Cent. Sch. Dist.*, 96 F.3d 623, 634 (2d Cir.1996) (this Court "must accord great deference to the trial court's findings regarding credibility"). Nor did the District Court err in concluding that Patterson failed to demonstrate either that those responsible for the decision to terminate him were aware of his engagement in protected activity, or that those aware of his participation in protected activity were responsible for the decision to terminate him. Thus, Patterson failed to demonstrate two elements of the *prima facie* case for a retaliatory discharge claim under § 510 of ERISA. *See Dister v. Continental Group, Inc.*, 859 F.2d 1108, 1112 (2d Cir.1988) (burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), is equally appropriate in ERISA § 510 discriminatory discharge cases).

 Finally, Patterson's claim that the District Court's rulings and comments "indicate the prejudiced mind of the court" is without merit. Judicial rulings or judicial remarks made during the course of a trial that express impatience, dissatisfaction or annoyance do not warrant a conclusion that a court is not impartial or that recusal is warranted "unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States,* 510 U.S. 540, 555–

56, 114 S.Ct. 1147, 127 L.Ed.2d 474 (1994). No such favoritism was in evidence here.

For the reasons set forth, we AFFIRM the judgment of the District Court.